# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------------X

TZVEE WOOD and ANDREA MALESTER,                    Docket No.: 14-CV-7535

                            Plaintiffs,             **PLAINTIFFS'**
                                                                      **SUPPLEMENTAL**
    - against -                                          **RESPONSE TO**
                                                                      **DEFENDANTS' DEMAND**
MUTUAL REDEVELOPMENT HOUSES, INC., et al.          **FOR DISCOVERY**

                            Defendants.
-----------------------------------------------------------------------------X

      Plaintiffs, **TZVEE WOOD and ANDREA MALESTER**, by and through their attorneys, **HELD & HINES, LLP**, as and for their supplemental response to the Demand for Discovery by Defendants, sets forth and provides as follows:

## GENERAL STATEMENT

      By making the information, authorizations and/or documents available to the defendants in this action in response to Defendants' Documentary Requests, Plaintiffs do not waive, and do not intend to waive, any objections that Plaintiffs may have regarding the use of the information, authorizations and/or documents or of the truth or accuracy of any characterization contained therein.

      Plaintiffs expressly reserve: (1) all objections regarding the competency, privilege, relevance, materiality and admissibility of all information and/or documents produced and the contents thereof; (2) the right to object to the use of any document(s) produced, in whole or in part, or to the subject matter covered thereby in any later stage or proceeding in this litigation or any other proceeding on any or all grounds set forth herein; (3) the right to object on any and all proper grounds, at any time, to other discovery procedures involving or relating to the subject matter of any document or information produced by said plaintiff; and (4) all objections as to

vagueness and ambiguity. Furthermore, where a Demand seeks to impose on plaintiffs' obligations broader than those imposed by the Federal Rules of Civil Procedure, plaintiffs' shall respond in conformance with the Federal Rules Civil Procedure.   Privileged documents responsive to a particular Demand, if any such documents exist, are not being produced, and will be identified consistent with the Federal Rules of Civil Procedure.

Plaintiffs have been assisted in the preparation of responses and objections to Defendants' Documentary Requests by counsel. Accordingly, the word usage and sentence structure of said plaintiffs' responses and objections may be that of the individual attorney who assisted in their preparation, and no representation is made that these objections and responses contain the precise language of the executing party. Said plaintiffs' responses are based upon information and documents known to plaintiffs and/or said plaintiffs' attorneys as of the date such responses are served.  Plaintiffs will continue to review files, and accordingly, reserve the right to supplement, amend or correct the responses and objections in the event that future discovery reveals documents and/or information that would justify its supplementation, correction and amendment. Should Plaintiffs at any time amend or supplement the responses, by agreement or otherwise, Plaintiffs reserve the right to assert any available privilege or objection with respect to any information or documents which might otherwise be discoverable in connection with any amendment or supplementation.

## GENERAL OBJECTIONS

Plaintiffs submit the following General Objections, which apply to each and every one of Defendants' Document Requests. These objections and limitations form a part of the response to each and every response set forth here to avoid the duplication and repetition of restating them for each response. The assertion of the same, similar or additional answers or responses in the

specific answers to Defendants' Document Requests do not waive any of said plaintiff's General Objections as set forth below:

1.     Plaintiffs reserve the right to challenge the competency, authenticity, relevance and admissibility, at trial or any subsequent proceeding, in this or any other action, or any statement made or information provided in response to Defendants' Document Requests.

2.     Plaintiffs object to each and every Document Request that is drafted in such a manner that is overbroad.

3.     Plaintiffs object to each and every Document Request that is vague and/or ambiguous, meaning that Plaintiffs are unable to determine what information is requested so as to formulate a response in whole or in part.

4.     Plaintiffs object to each and every Document Request that purports to seek information or data which is unduly burdensome and/or can be obtained from other documentation more readily available to the party propounding the demand without causing unnecessary expense and hardship to Plaintiffs.

5.     Plaintiffs object to each and every Document Request that is directed to or made on behalf of entities or persons who are not parties to this litigation.

6.     Plaintiffs object to each and every Document Request that seeks information or documents not in its possession or control or to which Defendants have equal access.

7.     Plaintiffs object to each and every Document Request that seeks the discovery of information, documents or data which is irrelevant, and is not reasonably calculated to lead to the discovery of admissible evidence.

8.     Plaintiffs object to each and every Document Request that is not relevant to any party's claim or defense and is not proportional to the needs of the case, considering the

importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

9.    Plaintiffs object to each and every Document Request that attempts to elicit protected documents and/or information subject to the attorney-client privilege; the work product doctrine; the confidentiality of documents containing the impressions, conclusions, opinions, legal research or theories of Plaintiffs or their attorneys; or seek materials prepared in anticipation of litigation. Plaintiffs assert each and every one of the foregoing privileges and protections applicable to the information sought to the fullest extent provided by law or applicable rules and future Orders by the Court herein.

10.    Plaintiffs object to each and every Document Request for authorization that makes or seeks a legal conclusion.

11.    Plaintiffs object to each and every Document Request that seeks documents or information not limited with respect to time and prior to and/or beyond the time period alleged in the Complaint.

12.    Plaintiffs object to the extent each and every Document Request seeks to impose allegations greater than that imposed by the Federal Rules Civil Procedure, New York Civil Practice Law and Rules, and any applicable rules of the Court.

Plaintiffs have based the within objections and responses to the defendants' Document Requests on information currently available to the plaintiffs, and reserves the right to amend objections and responses to include information and documents which may be obtained through ongoing discovery and investigation, in accordance with the Federal Rules of Civil Procedure.

Plaintiffs incorporate by reference their original response to the Defendants' Demand for Discovery dated August 25, 2017.

The foregoing General Objections are incorporated by reference within each and every of the following responses and objections. Responses to a specific Document Request have been made subject to and without waiving these General Objections, whether or not specifically reiterated in the responses themselves.

Plaintiffs reserve the right to supplement, amend or correct these responses in the event of the development or availability of additional, responsive, non-privileged information to the extent such supplementation, correction or amendment is warranted, pursuant to the Federal Rules of Civil Procedure.

**DEFINITIONS**

1.      As used herein, objections containing the phrase "seeks the discovery of irrelevant information or documents", or words to that effect, means that the Document Request seeks information or documents (1) having no tendency to make the existence of any fact or consequences to the determination of the instant case more or less probable than it would be without such information or documents; and (2) which do not appear to be reasonably calculated to lead to the discovery of admissible evidence.

2.      As used herein, objections containing the phrase "unduly burdensome", or words to that effect, means that the Document Request requires a search for documents which are of little or no benefit to this action in that the value of their production is far outweighed by the burden of producing them, especially where Defendants can obtain the information or documents from other sources.

3.      As used herein, objections containing the term "overbroad", or words to that

effect, means that the Document Request requires the production, at least in part, or information and/or documents which are irrelevant to the instant litigation in subject matter or time period, or both.

4.       As used herein, objections containing the term "vague", or words to that effect, means that Plaintiffs are unable to ascertain with certainty what information or documents are being requested.

Subject to the foregoing General Statement, General Objections and Definitions, and the additional individual objections stated below, Plaintiffs hereby supplement their original response, upon information and belief, as follows:

## PLAINTIFFS' SUPPLEMENTAL RESPONSES TO DEMANDS

**DOCUMENT REQUEST NO. 1**:   Documents relating to what life choices Wood made that he would have made differently, as alleged in paragraph 30 of the Complaint.

**RESPONSE**: Objection.  The document request is an interrogatory improperly named as a document request.  In addition, the document request is premature absent further discovery including, but not limited to, the deposition of Plaintiff Wood.  Plaintiffs also object as this demand is vague and/or ambiguous.


**DOCUMENT REQUEST NO. 2**:   Documents relating to what life choices Malester would have made differently as alleged in paragraph 33 of the Complaint.

**RESPONSE**: Objection.  The document request is an interrogatory improperly named as a document request.  In addition, the document request is premature absent further discovery including, but not limited to, the deposition of Plaintiff Malester.  Plaintiffs also object as this demand is vague and/or ambiguous.

**DOCUMENT REQUEST NO. 3**:   Documents constituting or relating to all communications between the Plaintiffs and any of the Defendants or any of their agents or employees.

**RESPONSE**: Plaintiffs refer Defendants to documents already provided to Defendants in discovery, namely, those numbered 626, 647, 660.  All other responsive documents are within the possession and control of Defendants or those documents to which Defendants have equal access.  It is not possible for Plaintiffs to know who unidentified "agents or employees" might be. As to any recordings, should they exist, see response number seven (7).

**DOCUMENT REQUEST NO. 4**:   Documents constituting or relating to all communications with Penn South Cooperative Federal Credit Union or any of its agents or employees.

**RESPONSE**: Objection.   Plaintiffs object to this demand on the grounds that it is vague, overbroad, unduly burdensome, lacking in specificity, and is not proportional to the needs of the case as Penn South Cooperative Federal Credit Union is no longer a party to this action.  It is not possible for Plaintiffs to know who unidentified "agents or employees" might be. As to any recordings, should they exist, see response number seven (7).

**DOCUMENT REQUEST NO. 5**:   Documents   constituting   or   relating   to   any   and   all communications with Defendant Santiago.

**RESPONSE**: Objection.  Plaintiffs reiterate and incorporate by reference their original response to document request number five (5).  In addition, documents responsive to said request, should they exist, are within the possession and control of Defendants or those documents to which Defendants have equal access.  As to any recordings, should they exist, see response number seven (7).

**DOCUMENT REQUEST NO. 6**:   Documents relating to any communications between defendant Malester and any of the Defendants herein.

**RESPONSE**: Objection.  Plaintiffs reiterate and incorporate by reference their original response to document request number six (6).  In addition, documents responsive to said request, should they exist, are within the possession and control of Defendants or those documents to which Defendants have equal access.  As to any recordings, should they exist, see response number seven (7).

**DOCUMENT REQUEST NO. 7**:   Any and all recordings between the Plaintiffs and any of the Defendants.

**RESPONSE**: Objection.  Plaintiffs reiterate and incorporate by reference their original response to document request number seven (7).

**DOCUMENT REQUEST NO. 8**:   Any and all pictures or videos taken by the Plaintiffs of any of the Defendants herein.

**RESPONSE**: Plaintiffs are not currently in possession of any pictures or videos taken by the Plaintiffs of any of the Defendants herein.

**DOCUMENT REQUEST NO. 9**:   Any documents constituting or relating to an appointment made by either Wood or Malester to submit financial information to the Co-op.

**RESPONSE**: Objection.  No appointment was "made" by either Wood or Malester to submit financial information to the Co-op due solely to the conduct of Defendants.

**DOCUMENT REQUEST NO. 13**: Woods income taxes from 2003 to the present.

**RESPONSE**: Plaintiffs reiterate and incorporate by reference their original response to document request number thirteen (13). Plaintiffs have exchanged documentation in discovery with Defendants regarding income taxes and responsive to document request number thirteen (13). See those numbered 44-52.

**DOCUMENT REQUEST NO. 14**: Malester's income taxes from 2003 to the present.

**RESPONSE**: Plaintiffs reiterate and incorporate by reference their original response to document request number fourteen (14). Plaintiffs have exchanged documentation in discovery with Defendants regarding income taxes and responsive to document request number fourteen (14). See those numbered 603-625.

**DOCUMENT REQUEST NO. 15**: Documents relating to Wood's employer(s) or work from 2010 to 2013.

**RESPONSE**: Plaintiffs refer Defendants to documents already provided to Defendants in discovery, namely, those numbered 40-44. Notwithstanding, Plaintiffs provided Plaintiff Wood's source of income in their response to interrogatories. *See*, Response No.4.

**DOCUMENT REQUEST NO. 16**: Documents relating to any school that Wood attended between 2010 and 2013.

**RESPONSE**: Plaintiffs refer Defendants to documents already provided to Defendants in discovery, including document number 24 and 26, in accordance with Plaintiffs' prior response.

**DOCUMENT REQUEST NO. 18**: Any and all recordings of phone calls between the Plaintiffs and Defendants' counsel.

**RESPONSE**: Plaintiffs reiterate and incorporate by reference their original response to document request number eighteen (18).

**DOCUMENT REQUEST NO. 22**: Any and all documents relating to Wood having informed the Co-op that Malester would reside with Wood in the apartment.

**RESPONSE**: Plaintiffs refer Defendants to documents already exchanged in discovery between the parties, including, but not limited to, the 2004 Application, and any and all documents regarding the application process which contain Plaintiff Malester's name and/or identification. As to any recordings, should they exist, see response number seven (7).

**DOCUMENT REQUEST NO. 23**: Any and all documents demonstrating that Wood informed the Co-op that Malester would be a shareholder along with Wood in the shares appurtenant to the apartment.

**RESPONSE**: Documents responsive to said request, should they exist, are within the possession and control of Defendants or are documents to which Defendants have equal access or otherwise do not exist due solely to the conduct of Defendants. As to any recordings, should they exist, see response number seven (7).

**DOCUMENT REQUEST NO. 26**: Copies of any and all insurance policies that the Plaintiffs have on their home in Long Beach New York that was allegedly impacted by superstorm Sandy.

**RESPONSE**: Objection. Plaintiffs object to this demand on the grounds that it is vague, overbroad, unduly burdensome, lacking in specificity, and is not relevant to any party's claim or

defense and is not proportional to the needs of the case. In addition, Plaintiffs are not currently in possession of documents responsive to document request number twenty six (26).


**DOCUMENT REQUEST NO. 27**: Copies of any claims submitted to insurance with respect to Plaintiffs' Long Beach home.

**RESPONSE**: Objection. Plaintiffs object to this demand on the grounds that it is vague, overbroad, unduly burdensome, lacking in specificity, and is not proportional to the needs of the case. In addition, Plaintiffs are not currently in possession of documents responsive to document request number twenty seven (27).


**DOCUMENT REQUEST NO. 28**: Any and all communications between the insurance company and Plaintiffs with respect to their claim any claim regarding their home in Long Beach New York.

**RESPONSE**: Objection. Plaintiffs object to this demand on the grounds that it is vague, overbroad, unduly burdensome, lacking in specificity, and is not proportional to the needs of the case. In addition, Plaintiffs are not currently in possession of documents responsive to document request number twenty eight (28).


**DOCUMENT REQUEST NO. 29**: Any and all documents constituting or relating to any proceeding, arbitration, mediation or litigation between Plaintiffs and any insurance company relating to the alleged damage to their Long Beach home.

**RESPONSE**: Objection. Plaintiffs object to this demand on the grounds that it is vague, overbroad, unduly burdensome, lacking in specificity, and is not proportional to the needs of the case. In addition, Plaintiffs are not currently in possession of documents responsive to document request number twenty nine (29).

**DOCUMENT REQUEST NO. 30**: Pictures of Plaintiff's home before Superstorm Sandy after superstorm Sandy and currently.

**RESPONSE**: Objection.   Plaintiffs object to this demand on the grounds that it is vague, overbroad, unduly burdensome, lacking in specificity, and is not proportional to the needs of the case.

**DOCUMENT REQUEST NO. 34**: Any and all appraisals of Plaintiffs Long Beach home from 2000 to the present.

**RESPONSE**: Objection.  Plaintiffs reiterate and incorporate by reference their original response to document request number thirty four (34).

**DOCUMENT REQUEST NO. 35**: Any and all uninsured losses that Plaintiff suffered as a result of superstore [sic] Sandy as alleged in paragraph 119 of the complaint.

**RESPONSE**: Objection.   Plaintiffs object to this request as it is overbroad. Plaintiffs will produce documents to the extent that they exist, are locatable after a reasonable search, and substantiate damages claimed in this litigation.

**DOCUMENT REQUEST NO. 36**: Any and all documents relating to Plaintiff's allegation that Malester will have to sell her home at a lower price then had she solid it in September or October 2012 as reflected in paragraph 119 of the Complaint.

**RESPONSE**: Plaintiffs reiterate and incorporate by reference their original response to document request number thirty six (36).   In addition, Plaintiffs are not in possession of documents responsive to document request number thirty six (36).   Articles regarding the housing market in Long Beach, New York, after Superstorm Sandy are readily accessible in the public domain.

**DOCUMENT REQUEST NO. 37**: Any and all documents relating to the condition of the kitchen as alleged in paragraph 120.

**RESPONSE**: Plaintiffs reiterate and incorporate by reference their original response to document request number thirty seven (37).

**DOCUMENT REQUEST NO. 38**: Any and all documents relating to any repairs to the kitchen of the home in Long Beach.

**RESPONSE**: Plaintiffs reiterate and incorporate by reference their original response to document request number thirty eight (38).

**DOCUMENT REQUEST NO. 39**: Any and all documents relating to any money received by the Plaintiffs in connection with any damage caused by superstorm Sandy.

**RESPONSE**: Plaintiffs are still searching for documents responsive to document request thirty nine (39). Should documents responsive to document request thirty nine (39) come available and are in Plaintiffs' possession, Plaintiffs will provide same in accordance with the prior response.

**DOCUMENT REQUEST NO. 42**: Any and all documents relating to the allegations in paragraph 140 of Plaintiff's Complaint.

**RESPONSE**: Objection. Plaintiffs object to this demand on the grounds that it is vague, overbroad, unduly burdensome, lacking in specificity, and is not proportional to the needs of the case.

**DOCUMENT REQUEST NO. 43**: Any and all documents relating to Plaintiff's allegation in paragraph 156 of the complaint that more burdens were places on his application that other waitlisted occupants.

**RESPONSE**: Objection. Documents responsive to said request, should they exist, are within the possession and control of Defendants or are documents to which Defendants have equal access. Plaintiffs are not in possession of any documents regarding waitlisted occupants other than what has already been exchanged by Defendants in discovery.   Statements regarding waitlisted person(s) are readily accessible in the public domain.   As to any recordings, should they exist, see response number seven (7).


**DOCUMENT REQUEST NO. 47**: Documents reflecting any verbal abuse as alleged in paragraph 178 of the complaint.

**RESPONSE**: Objection.  Plaintiffs reiterate and incorporate by reference their original response to document request number forty seven (47).  In addition, documents responsive to said request, should they exist, are within the possession and control of Defendants or are documents to which Defendants have equal access.


**DOCUMENT REQUEST NO. 49**: Documents relating to the knowledge on the part of the Defendants of the source of Malester's income.

**RESPONSE**: Plaintiffs refer Defendants to documents already exchanged in discovery between the parties, including, but not limited to, the 2004 Application, and any and all documents regarding the application process which contain identifying information for Plaintiff Malester. Plaintiffs also object as this demand is vague and/or ambiguous.  Notwithstanding, Plaintiffs provided Plaintiff Malester's source of income in their response to interrogatories.  *See*, Response No.4.

**DOCUMENT REQUEST NO. 50**: Documents reflecting knowledge on the part of the defendants of the source of Woods income.

**RESPONSE**: Plaintiffs reiterate and incorporate by reference their original response to document request number fifty (50). Plaintiffs refer Defendants to response to document request number fifty (50). Notwithstanding, Plaintiffs provided Plaintiff Wood's source of income in their response to interrogatories. *See*, Response No.4.


**DOCUMENT REQUEST NO. 52**: Documents      reflecting      any      discriminatory misrepresentations as alleged in paragraph 222 of the complaint.

**RESPONSE**: Plaintiffs reiterate and incorporate by reference their original response to document request number fifty two (52).


**DOCUMENT REQUEST NO. 53**: Documents relating to the allegation in paragraph 246 of the Complaint that Defendants frequently skipped over owners.

**RESPONSE**: Plaintiffs reiterate and incorporate by reference their original response to document request number fifty three (53).


Dated: New York, New York
         March 29, 2018

                                          Yours, etc.

                                          HELD & HINES, L.L.P.


                                          _____/s/_____
                                          SCOTT B. RICHMAN
                                          *Attorneys for Plaintiffs*
                                          Office and P.O. Address
                                          2004 Ralph Avenue
                                          Brooklyn, New York 11234
                                          Tel: (718) 531-9700

To:    BRAVERMAN GREENSPUN, P.C.
         *Attorneys for Defendants*
         Office and P.O. Address
         110 East 42nd Street, 17th Floor
         New York, New York 10017
         Tel: (212) 682-2900

## CERTIFICATE OF SERVICE

I hereby certify that on April 2, 2018, I served the attached document on the following

counsel for the defendants via email and regular mail:

Andreas E. Theodosiou        atheodosiou@braverlaw.net
110 East 42nd Street, 17th Floor New York, New York 10017


_____/s/_____
Scott B. Richman