UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
TZVEE WOOD and ANDREA MALESTER,

                    Plaintiffs,

-against-

MUTUAL REDEVELOPMENT HOUSES, INC., et al.,

                    Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/5/2020

14 Civ. 7535 (AT) (DCF)

**ORDER**

ANALISA TORRES, District Judge:

    Plaintiffs *pro se*, Tzvee Wood and Andrea Malester, bring this action alleging claims against Defendants arising from a dispute over Plaintiffs' application to purchase a Mitchell-Lama apartment in New York City. ECF No. 1. By order of reference dated September 30, 2014, this Court referred the action to the Honorable Debra C. Freeman for general pretrial matters. ECF No. 2. On April 21, 2015, Judge Freeman stayed discovery pending resolution of Defendants' motion to dismiss the complaint. ECF No. 35. The stay was lifted on March 8, 2017, allowing the parties to conduct discovery on Plaintiffs' remaining claims. ECF No. 114. On March 21, 2019, "given the age of this litigation," Judge Freeman issued an order extending fact discovery "one last time" to September 27, 2019. March 21 Order at 7, ECF No. 177. Judge Freeman expressly warned the parties that "this deadline will be considered final, such that it will not be extended by this Court absent a showing of extraordinary cause." *Id.*

    Nonetheless, on September 24, 2020, Plaintiffs sought yet another extension of the discovery cut-off, complaining that misconduct by Defendants' counsel had deprived them of both relevant documents and needed depositions. ECF No. 242 at 7–8. In an order issued on November 19, 2019, Judge Freeman, having concluded that the parties had more than ample opportunity to conduct discovery, ruled that "discovery in this case is closed, and will not be reopened by this Court." Discovery Order, ECF No. 249 at 2, 18–19. Plaintiffs object to Judge Freeman's order closing discovery. Pl. Objs., ECF No. 255. For the reasons stated below, Plaintiffs' objections are OVERRULED.

**DISCUSSION**

I. <u>Legal Standard</u>

    Under Federal Rule of Civil Procedure 72(a), a district judge must modify or set aside a magistrate judge's non-dispositive rulings that are clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a). Discovery matters, such as a magistrate judge's ruling on pretrial discovery, are generally considered non-dispositive. *Langton v. Town of Chester*, No. 14 Civ. 9474, 2018 WL 1353293, at *2 (S.D.N.Y. Mar. 14, 2018). "[A]n order is clearly erroneous only when the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *DiPietro v. United States*, No. 10 Civ. 199, 2019 WL 1949860, at *1 (S.D.N.Y. Apr. 16, 2019) (internal quotation marks and citation omitted). "An order is contrary

to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *Id.* (internal quotation marks and citation omitted). "As a 'non-dispositive matter,' a pretrial discovery ruling is reviewed under this highly deferential standard." *HotelsAB Green, LLC v. Reignwood Europe Holdings SARL*, No. 17 Civ. 8776, 2019 WL 2236580, at *1 (S.D.N.Y. May 15, 2019).

II.  Analysis

The Court finds no basis to overturn Judge Freeman's well-reasoned order, made after reviewing the entirety of the lengthy docket, which contains no fewer than 248 entries. Discovery order at 1. "Nothing in the record suggests that the [Discovery Order] was clearly erroneous or contrary to law, or that the substantial deference due to the resolution of discovery disputes by a [m]agistrate [j]udge should not be accorded in the instant matter." *TVT Records v. Island Def Jam Music Grp.*, 376 F. Supp. 2d 471, 472 (S.D.N.Y. 2005). The Court finds that Judge Freeman has been exceptionally patient and generous with deadlines in her administration of general pretrial matters. Moreover, Judge Freeman provided explicit notice to the parties that the September 27, 2019 was "final," and would "not be extended by this Court absent a showing of extraordinary cause." March 21 Order at 7.

Turning to Plaintiffs specific objections, the Court finds that these objections lack merit. First, Plaintiffs contend that "fundamental fairness requires that Plaintiffs be allowed to take depositions." Pl. Objs. at 1 (alterations omitted). But Plaintiffs were never prevented from taking depositions. In fact, the parties agreed to a deposition schedule, which the Court ordered, that dictated that depositions would begin in May 2019 and end in July 2019. Discovery Order at 10. Judge Freeman also warned the parties that depositions should proceed "regardless of whether any party believes that any document production is still outstanding," ECF No. 177, at 8, and further cautioned that Plaintiffs' depositions should proceed even if *pro bono* representation could not be secured, ECF No. 199. In August of 2019, with over a month remaining before the close of discovery, Plaintiffs were asking Defendants to consent to an extension of the discovery deadline until 2020. Discovery Order at 12. Plaintiffs failed to adhere to the schedule set forth by the Court, disregarding Judge Freeman's warnings that no further extensions would be granted. The Court, therefore, finds no clear error in Judge Freeman's decision to close discovery.

Second, Plaintiffs argue that additional time for discovery is warranted. Pl. Obj. at 4–5. "Where a scheduling order has been entered, the lenient standard under Rule 15(a), which provides leave to amend shall be freely given, must be balanced against the requirement under Rule 16(b) that the Court's scheduling order shall not be modified except upon a showing of good cause." *Grochowski v. Phoenix Const.*, 318 F.3d 80, 86 (2d Cir. 2003) (internal quotation marks and citation omitted). "A finding of good cause depends on the diligence of the moving party." *Id.* Judge Freeman found that Plaintiffs did not demonstrate good cause for further modification of the discovery schedule. Discovery Order at 2. Her decision to close discovery, therefore, was neither clearly erroneous nor contrary to law.

Third, Plaintiffs argue that the scope of discovery was improperly narrowed. Pl. Objs. at 9–10. Plaintiffs object that discovery was narrowed because Judge Freeman concluded that

Plaintiffs should be bound to an agreement made by their former attorney. Plaintiffs' former attorney entered into an agreement with Defendants on the production of certain documents. Discovery Order at 4–5. In order to determine the content of the parties' agreement, Judge Freeman reviewed non-privileged writings between Plaintiffs' former attorneys and Defendants, which memorialized counsel's agreement. *Id.* at 4. Again, given Judge Freeman's thorough inquiries, nothing in the record suggests that Judge Freeman's determination was "clearly erroneous or contrary to law, or that the substantial deference due to [her] resolution of discovery disputes . . . should not be accorded in the instant matter." *TVT Records*, 376 F. Supp. 2d at 472.

Finally, throughout their objections, Plaintiffs allude to their status as *pro se* litigants. *See* Pl. Objs. at 2 n.6, 3, 5, 7, 11. "All litigants, including *pro ses*, have an obligation to comply with court orders." *Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d 298, 302 (2d Cir. 2009) (internal quotation marks, citations, and alterations omitted). Plaintiffs failed to comply with Judge Freeman's order setting both a deadline for depositions to be completed, and for fact discovery to be completed in general, even with the understanding that further extensions would not be granted. *See* Discovery Order at 10. Judge Freeman's Discovery Order, therefore, was neither clearly erroneous nor contrary to law.

Accordingly, because the Court reviewed Judge Freeman's discovery order for clear error and found none, the Court affords Judge Freeman "substantial deference" in resolving this discovery dispute and OVERRULES Plaintiffs' objections. *See Tylena M. v. Heartshare Children's Servs.*, 220 F.R.D. 38, 39 (S.D.N.Y. 2004).

    III.    Request to File Summary Judgment Motion

Along with closing discovery, the Judge Freeman directed that if the parties anticipated filing any summary judgment motions, they were to "confer and jointly . . . propose a briefing schedule no later than November 26, 2019." Discovery Order at 19. The parties did not submit a briefing schedule by the deadline. On January 2, 2020, Defendants indicated that they intend to move for summary judgment and requested that their time to make such a motion be extended to thirty days after the Court's resolution of Plaintiffs' objections to the Discovery Order. ECF No. 257 at 1. They also indicated that they inquired with Plaintiffs as to whether they intended to move for summary judgment, and, if so, when, but that Plaintiffs had not responded to Defendants' inquiries. *Id.* at 2. Federal Rule of Civil Procedure 16(c)(2)(E) provides that a Court may consider and take appropriate action with respect to "determining the appropriateness and timing of summary adjudication under Rule 56." Fed Rule Civ. P. 16. Pursuant to this Court's authority under Rule 16 (c)(2)(E), Defendants' request for an extension of time to move for summary judgment is GRANTED. The parties shall meet and confer and propose a briefing schedule by **September 9, 2020**.

**CONCLUSION**

For the reasons stated above, Plaintiffs' objections to Judge Freeman's order closing discovery are OVERRULED. Defendants' request for an extension of time to file a motion for summary judgment is GRANTED. By **September 9, 2020**, the parties shall submit a briefing schedule on Defendants' anticipated motion for summary judgment.

The Clerk of Court is directed to terminate the motion at ECF No. 259 and mail a copy of this order to Plaintiffs *pro se*.

SO ORDERED.

Dated: August 5, 2020
      New York, New York

_____
ANALISA TORRES
United States District Judge

4