UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TZVEE WOOD and ANDREA MALESTER,

                        Plaintiffs,

-against-

MUTUAL REDEVELOPMENT HOUSES, INC., et al.,

                        Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/5/2021

14 Civ. 7535 (AT) (DCF)

**ORDER**

ANALISA TORRES, District Judge:

    Plaintiffs *pro se*, Tzvee Wood and Andrea Malester, bring this action alleging claims against Defendants arising from a dispute over Plaintiffs' application to purchase a Mitchell-Lama apartment in New York City. ECF No. 1. By order of reference dated September 30, 2014, this Court referred the action to the Honorable Debra C. Freeman for general pretrial matters. ECF No. 2. On April 21, 2015, Judge Freeman stayed discovery pending resolution of Defendants' motion to dismiss the complaint. ECF No. 35. On March 31, 2016, the Court dismissed, *inter alia*, Plaintiffs' claims against Defendants Michael Schwartz, The City of New York Department of Housing Preservation and Development, and Joseph Quigley. ECF No. 70. On March 1, 2017, the Court reconsidered its order of dismissal, but, did not reinstate claims against Defendants Michael Schwartz, The City of New York Department of Housing Preservation and Development, and Joseph Quigley. ECF No. 111. The stay was lifted on March 8, 2017, allowing the parties to conduct discovery on Plaintiffs' remaining claims. ECF No. 114. On March 21, 2019, "given the age of this litigation," Judge Freeman issued an order extending fact discovery "one last time" to September 27, 2019. ECF No. 177 at 7. Judge Freeman expressly warned the parties that "this deadline will be considered final, such that it will not be extended by this Court absent a showing of extraordinary cause." *Id.*

    Nonetheless, on September 24, 2019, Plaintiffs sought yet another extension of the discovery cut-off, complaining that misconduct by Defendants' counsel had deprived them of both relevant documents and needed depositions. ECF No. 242 at 7–8. On November 19, 2019, Judge Freeman ruled that "discovery in this case is closed, and will not be reopened by this Court." ECF No. 249 at 18. On August 5, 2020, the Court overruled Plaintiffs' objections to Judge Freeman's order closing discovery. ECF No. 265. On October 29, 2020, Defendants moved for summary judgment. ECF No. 275.

    On November 6, 2020, over a year after fact discovery closed, and after Defendants submitted their summary judgment motion, Plaintiffs again move to reopen discovery. ECF No. 278. Plaintiffs move for sanctions against Defendants. ECF No. 288. Plaintiffs also move to vacate the Court's March 1, 2017 order and reinstate Defendants Michael Schwartz, The City of New York Department of Housing Preservation and Development, and Joseph Quigley. ECF Nos. 289, 291, 300. Finally, Plaintiffs move to amend their complaint. ECF No. 290.

    Plaintiffs submitted their motion to reopen discovery to Judge Freeman without an

accompanying statement that they conferred with Defendants prior to making the motion, which runs afoul of Judge Freeman's individual practices.  Individual Practices of Magistrate Judge Debra Freeman Rule 1.C.  Additionally, Plaintiffs had over two years to engage in discovery, which gave them ample opportunity to pursue evidence.  S*ee Trebor Sportswear Co. v. The Ltd. Stores, Inc.*, 865 F.2d 506, 511 (2d Cir. 1989) (denying further discovery when the party opposing summary judgment had a "fully adequate opportunity for discovery").  Accordingly, Plaintiffs' motion to reopen discovery is DENIED.

Plaintiffs seek sanctions against Defendants' counsel for failing to file certificates of service.  ECF No. 288 at 1–2.  They embed their request in their reply brief in support of their motion to reopen discovery.  *Id.*  Federal Rule of Civil Procedure 11(c)(2) requires that "[a] motion for sanctions must be made separately from any other motion."  Fed. R. Civ. P. 11(c)(2).  Because Plaintiffs failed to comply with this directive, their motion is DENIED.

Presumably, Plaintiffs move to reinstate certain defendants under Federal Rule of Civil Procedure 60(b), which allows for relief from a final judgment if made within "no more than a year after the entry of the . . . order."  Fed. R. Civ. P. 60(c).  Because Plaintiffs' applications come nearly four years after entry of the judgment, these claims are untimely.  *Kellogg v. Strack*, 269 F.3d 100, 104 (2d Cir. 2001) (holding that a Rule 60(b) motion brought "twenty-six months after the entry of the final judgment . . . constitutes a patently unreasonable delay").  Accordingly, Plaintiffs request relief is DENIED.

Plaintiffs' applications to reopen discovery and to reinstate certain defendants have been denied, which forecloses Plaintiffs' proposed amendments.  Additionally, Plaintiffs have demonstrated substantial undue delay in bringing their request to amend.  *Dluhos v. Floating & Abandoned Vessel, Known as New York*, 162 F.3d 63, 69 (2d Cir. 1998) ("[A] motion to amend should be denied if there is . . . undue delay . . . ." (internal quotation mark and citation omitted)).  Accordingly, their request to amend their complaint is DENIED.

The Clerk of Court is directed to terminate the motion at ECF No. 278 and to mail a copy of this order to Plaintiffs *pro se*.

SO ORDERED.

Dated:  February 5, 2021
         New York, New York

_____
ANALISA TORRES
United States District Judge