# BRAVERMAN | GRE...

A PROFESSIONAL CORPOR...

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __7/19/2021__

July 16, 2021

**Via ECF**
Honorable Analisa Torres
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

    Re:   *Wood, et ano. v. Mutual Redevelopment Houses, Inc., et al.*
            **U.S.D.C. S.D.N.Y. Case No. 14-CV-7535 (AT) (DCF)**

Dear Judge Torres:

    We represent the Defendants and write with respect to the Court's July 12, 2021 Order (the "July 12 Order," ECF 324) requiring the Plaintiff to file redacted opposition papers to Defendants' pending motion for summary judgment (the "Motion") on or before July 19, 2021. In the July 12 Order, the Court advised that: "Failure to comply with this order will result in Plaintiffs' opposition papers being filed on the public docket."

    We write to respectfully request that, should the Plaintiffs' opposition papers (the "Opposition") be publicly filed, certain specific documents identified herein containing personal or sensitive information be redacted, sealed or stricken. We further request that, should the Plaintiffs submit revised, redacted Opposition papers, that these specific documents be among the redactions, and that if they are not, the Court should order them to be redacted, sealed, or stricken.

    The primary reason for this request is that the Plaintiffs elected to file the entirety of Defendants' document discovery response, in excess of 10,000 pages, as Exhibit 26 to the Opposition. The discovery response contained a substantial amount of personal, tax and financial information regarding unit owners of and applicants to Defendant Mutual Redevelopment Houses, Inc. ("Mutual") which is irrelevant to the Opposition and otherwise inappropriate for public disclosure.

**Second Circuit Standards for Sealing of Court-filed Documents**

    In its 2020 decision *Mirlis v. Greer*, 952 F.3d 51, 58-60 (2d Cir. 2020), the Second Circuit set forth the three steps a court should take to determine whether a document may be sealed, or whether instead the "potent and fundamental right of public access" attaches to a document. *Mirlis* holds that a court must: (1) determine whether the document is a "judicial document," i.e. one that is relevant and useful in the performance of the court's judicial function; (2) determine the weight of the presumption of access in light of the role and value of document in the exercise of Article III judicial power; and (3) identify and balance the factors counseling against disclosure and weigh them against the presumption of access. Documents may be sealed only where a court makes

Honorable Analisa Torres
July 16, 2021
Page 2

specific, on the record findings that closure is essential. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006).

Under the first *Mirlis* step, the Opposition documents should be considered judicial documents because they were submitted for consideration in deciding a summary motion. *Lugosch*, 435 F.3d at 121-22.

Under the second *Mirlis* step: "The general and deeply rooted rule is that the presumptive right of access is afforded 'strong weight' when applied to documents that play a central role in 'determining litigants' substantive rights—conduct at the heart of Article III.'" *Mirlis*, 952 F.3d at 60 (*quoting United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995)). However:

> Where testimony or documents play only a negligible role in the performance of Article III duties, the weight of the presumption is low and amounts to little more than a prediction of public access absent a countervailing reason. Documents that play no role in the performance of Article III functions, such as those passed between the parties in discovery, lie entirely beyond the presumption's reach.

*Amedeo*, 71 F.3d at 1050; *see also Brown v. Maxwell*, 929 F.3d 41, 49–50 (2d Cir. 2019) (distinguishing between presumption of public access for documents submitted in discovery, and those used for adjudicating a motion). In assessing documents under the second *Mirlis* step, the Court should consider whether they were filed because they have distinct relevance to the legal issues raised in the summary judgment motion, or whether they were filed merely because they were exchanged in discovery.

In the third *Mirlis* step, "the court must identify all of the factors that legitimately counsel against disclosure of the judicial document, and balance those factors against the weight properly accorded the presumption of access." 952 F.3d at 59. "Foremost among the competing concerns that a court weighing disclosure must consider is 'the privacy interest of the person resisting disclosure.'" *Id.* at 61 (quoting *Amedeo*, 71 F.3d at 1050).

Beyond redaction or sealing, under Fed. R. Civ. P. 12(f), the Court may strike "any redundant, immaterial, impertinent, or scandalous matter."

As set forth below, applying the *Mirlis* test to each of the documents identified herein demonstrates that they should be redacted, sealed, or stricken.

### **Documents that Should Be Redacted or Sealed**

Exhibit 26 to the Opposition consists of documents Bates numbered D00001 through D10917, which were produced by Defendants in response to Plaintiffs' document discovery requests. Two groups of documents contained in Exhibit 26, as well as several other documents submitted by Plaintiffs, contain personal information that should be redacted, sealed or stricken.

Honorable Analisa Torres
July 16, 2021
Page 3

In response to Plaintiffs' document requests, Defendants produced, as documents D07798-10827, a substantial number of files consisting of application documents from non-parties seeking to purchase apartments at Mutual. These documents contain detailed financial and personal information concerning applicants, including income tax returns, personal background investigation and credit reports, reports of home visitations to applicants, applications containing income and employment information, and other private documents. These documents were submitted to or obtained by Mutual with the expectation that they would be used only for the purposes of evaluating apartment applications, and otherwise remain strictly confidential.[1]

These documents concerning the financial and other qualifications of non-party applicants are irrelevant to, or at most bear highly tangentially, on the central issue in Defendants' summary judgment motion, whether the Plaintiffs demonstrated that they were qualified purchasers by compliance with Mutual's procedures to demonstrate that they met Mutual's financial qualifications. Because they have little to no bearing on the determination of the litigants' rights, and they contain highly private and confidential material, documents D07798-10827 should be redacted, sealed or stricken.

Defendants also produced, as documents D00821-07012, Mutual's internal files concerning complaints, actions and proceedings with respect to individual Co-op unit owners, most commonly documents concerning nuisance, conduct, or hoarding complaints. These documents include complaint records, photographs of individual apartments, and memoranda and reports concerning individual unit owners. Complaints concerning existing individual unit owners and their conduct are entirely irrelevant to the issues raised herein regarding the financial qualification of a prospective apartment purchaser, and the documents contain personal and potentially embarrassing information about non-parties. As such, documents D00821-07012 should be redacted, sealed or stricken.

Should the entire document range D07798-10827 not be kept private, the following documents within that range should be redacted or sealed for the indicated reasons: D01582-1635, documents concerning a guardianship proceeding; D02417-2423, income tax return; D4517, drivers license with birth date and ID numbers; D03853, 3834, 4141, 4710, 4952, 5341, 6477, 6482, 6484, and 6518, checks with unredacted bank account numbers. *See* Fed. R. Civ. P. 5.2.

Plaintiffs' Exhibit 13 consists of subpoenaed documents concerning Mutual's application to refinance the underlying mortgage on the entire project. Within that Exhibit are documents numbered WF00001902-1947, which contain personal credit reports for individual Mutual officers or directors obtained in connection with Mutual's application. This highly personal information has no relevance whatsoever to anything at issue in this case, and should be redacted, sealed or stricken.

---

[1] Although certain of these documents were redacted prior to production to exclude social security numbers, financial and credit account information, and certain other extremely personal information, *cf.* Fed. R. Civ. P. 5.2, these limited redactions do not change that remaining information is personal and confidential, and should not be publicly disclosed.

Honorable Analisa Torres
July 16, 2021
Page 4

    Plaintiffs' Exhibit 20 is a schedule, apparently prepared by Plaintiffs, that lists, among other things, the incomes of individually named apartment applicants, apparently derived from the applications in the range D07798-10827 of Exhibit 26 discussed above. There is no reason these confidentially-submitted individual applicants' incomes should be publicly disclosed, and for the reasons discussed above, this document should be redacted, sealed or stricken.

    Plaintiffs' Exhibit 25 is an Abstract of Driver History Record for Carmen N. Angelico obtained by Plaintiff, which lists only events dating back to the 1980s. Apparently, this document was submitted because Defendant Carmen N. Santiago a/k/a Carmen N. Angelico uses (and has used for the past 55 years) her birth name professionally as a Mutual employee, but has her married name on listed on Mutual's payroll records. (*See* ECF 321). This document has no bearing on any issue in this case, and contains only irrelevant personal information, and as such should be redacted, sealed or stricken.

    For these reasons, in the event that the Court should file the Plaintiffs' previously submitted Opposition on the public docket, the Mutual Defendants respectfully request that the foregoing documents be redacted, sealed or stricken. Further, should the Plaintiffs submit revised Opposition papers which do not have the foregoing documents redacted, sealed or stricken, that the Court should Order that they be redacted, sealed, or stricken before they are filed on the public docket.

    We thank the Court for its consideration.

                                                    Respectfully,

                                                    /s/ William J. Geller

                                                    William J. Geller

cc:      Tzvee Wood & Andrea Malester

## CERTIFICATE OF SERVICE

WILLIAM J. GELLER, an attorney admitted to practice before this Court certifies that I caused the within Letter to Honorable Analisa Torres Re: Wood, et al. v. Mutual Redevelopment Houses, Inc., et al., USDC SDNY Case No. 14-CV-7535 (AT) (DCF), to be served by first class mail on the date hereof upon:

Tzvee Wood
271 Magnolia Boulevard
Long Beach, New York 11561

Andrea Malester
271 Magnolia Boulevard
Long Beach, New York 11561

Dated: July 16, 2021

**BRAVERMAN GREENSPUN, P.C.**

By:  /s/ William J. Geller
William J. Geller
wgeller@braverlaw.net
*Attorneys for Defendants*
110 East 42nd Street, 17th Floor
New York, New York 10017
(212) 682-2900

---

GRANTED. The documents at issue contains highly personal information and shall be filed under seal.

The Clerk of Court is directed to mail a copy of this order to Plaintiffs *pro se*.

SO ORDERED.

Dated: July 19, 2021
       New York, New York

_____
ANALISA TORRES
United States District Judge